O’BRIEN, J.
The defendant assails the plaintiff’s right to any compensation for the services rendered upon the grounds that he did not employ the plaintiff, that the services were voluntary, that they were of no benefit, and that the relations between the parties did not raise an implied contract of employment It is true that there was no actual agreement for compensation, but the evidence fully sustains the referee’s conclusion that the services were neither voluntary nor gratuitous, but were rendered at the request of, and were valuable to, the defendant. As said in Smith v. Railroad Co., 102 N. Y. at page 192:
“These circumstances prima facie raise an implied obligation on the part of the defendant to make compensation, and in order to rebut the implication there should be clear evidence that the services were to be gratuitous. The burden was upon the defendant to establish this defense. It is not claimed that there was an express agreement or understanding with the plaintiff that he was to serve without compensation.”
Finding, as we do, that the conclusions of the referee upon the disputed questions of fact are supported by the evidence, this case in principle is controlling. The contention that the services were unnecessary is remarkable, in the face of the view entertained by the defendant himself, which induced him to execute in plaintiff’s favor the four powers of attorney. And the claim that damage instead of benefit resulted from such services is shown by the referee to be equally without merit. As to the amount awarded, this, upon disputed testimony, was clearly within the province of the referee; and as it cannot be regarded as excessive, it should not be disturbed.
It is insisted that the referee erred in determining that the plaintiff did not render any material services before the execution and delivery of the powers of attorney. But we fail to see how the defendant was injured by this, its only bearing being upon the question whether the services rendered before the powers of attorney were delivered (for which no compensation was claimed) were the same as those thereafter rendered. Equally harmless was the error into which it is claimed the referee fell in confusing the word *34 “commissions” with the word “ profits,” and from this deducing; the conclusion that the testimony was not accurate as to, such profits. Undoubtedly the amount of profits would have a bearing-upon the question of compensation to be paid for the services'rendered in making them, but for the reason already stated—that-the amount awarded for such services, in any aspect to be taken, of the testimony, was not excessive—the defendant cannot legally-complain.
This leaves but one or two rulings upon evidence, which maybe briefly noticed. The defendant sought to examine the plaintiff as to the amount of sales and earnings of his (plaintiff’s) business during the period he was engaged in rendering the services. In refusing to allow such examination we think the referee was-right, for the reason that it was not a question of whether the-plaintiff was benefited or injured in his own business, but whether he had performed services for the defendant which entitled him. to compensation.
Upon the second cause of action, there was no defense that the failure to arbitrate was the result of any act of the plaintiff’s. The-answer denied nothing except as to the amount, thus leaving, plaintiff to make proof of the sum expended, and his damages: connected with arbitration. The referee was therefore right in refusing to permit the introduction of a letter which was offered, and which, it is claimed, contradicted the plaintiff’s testimony that he never withdrew from the arbitration. The counsel’for the defendant asked for a letter from Mr. Goodsell to Mr. Wiley, and iff would appeared that that letter was produced, and the witness was-then asked, “What is this paper ?” to which he answered, “A letter from Mr. Goodsell.” It will therefore be seen that there was-some confusion at this.point, because the counsel was speaking off a letter from Mr. Goodsell, but the exhibit itself shows that it was! a letter purporting to be signed by Mr. Wiley. It does contain) a statement that the plaintiff withdraws his “acquiescence to thej arbitration.” But the answer of the plaintiff that he had not-withdrawn was given in response to a question of the defendant-upon a collateral matter not at issue. Conceding, therefore, that the letter sought to be introduced was one signed by the plaintiff,, we think it was properly excluded.
Without commenting further upon the numerous exceptions' and rulings, it is sufficient to say that none of them is so serious) as to justify our interference with the judgment, which' upon the| facts, the referee has rightfully rendered in favor of the plaintiff..
The judgment should therefore be affirmed, with costs.
All concur.